# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARNULFO ALVAREZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-18-CV-1216-XR |
| | § | |
| LAWRENCE W. HEPPNER, | § | |
| CROSSTIMBERS SERVICES, INC., | § | |
| CROSSTIMERS SERVICES, LLC, and | § | |
| CROSSTIMBERS HOT SHOT SERVICE, | § | |
| LLC, | § | |
| | § | |
| *Defendants.* | § | |

**REMAND ORDER**

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 8) and the Response thereto. The motion to remand is granted.

**Background**

After Defendant Lawrence Heppner removed this action, the Court issued a Show Cause Order directing Heppner to correct deficiencies in the citizenship allegations so that the Court could determine whether diversity existed. The Court noted that Heppner should have access to the citizenship information for the LLC members because those parties had already answered and all Defendants were represented by the same counsel. The Court also noted that the other Defendants had not joined in the removal or filed written consents to the removal as required by 28 U.S.C. § 1446, but that the Court could only raise subject matter jurisdiction defects *sua sponte*, and procedural defects required a timely filed motion to remand.

Defendant responded to the Show Cause Order by filing an Amended Notice of Removal that properly alleged the citizenship of the parties, and demonstrated diversity jurisdiction. The

Amended Notice of Removal did not include the joinder of any additional defendants, nor were any written consents filed. Plaintiff then timely filed the instant Motion to Remand, raising the procedural defect of failure to obtain consent. Defendant has responded in opposition.

**Analysis**

Defendant Lawrence W. Heppner removed this case, alleging diversity jurisdiction. Accordingly, the removal was made pursuant to 28 U.S.C. §1441(a), which allows removal of any civil action "of which the district courts of the United States have original jurisdiction" and encompasses removal pursuant to both diversity and general federal question jurisdiction. Section 1446(a) provides that, "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedures and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Further, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Only Heppner is listed as a removing party on the Notice of Removal, and his attorney signed only on Heppner's behalf. The same is true for the Amended Notice of Removal. The other Defendants are not listed as removing parties or as joining in the removal and did not sign

2

the Notice of Removal or the Amended Notice of Removal, and there are no written consents to removal from any of the other Defendants. Consistent with §1446(b)(2)(A), the Fifth Circuit has held that all properly joined and served defendants must either provide their signature on the removal petition or timely file a written consent to the removal, or the removal is procedurally defective. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015); *Riso v. Boyce*, No. 5:15-cv-227-DAE, 2015 WL 3852313, at *2 (W.D. Tex. June 22, 2015); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action," "[o]therwise, there would be nothing on the record to 'bind' the allegedly consenting defendant"). Plaintiff's Motion to Remand timely raises this procedural defect.

Defendant responds that he did not remove solely under §1441(a) because he also removed under § 1332(a), the provision concerning diversity jurisdiction. However, a removal under § 1332(a) *is* a removal under § 1441(a), because it is a removal of a case based on the fact that this Court would have original jurisdiction over the case had it been filed here, as opposed to removal under a provision such as § 1441(c), which permits removal of some cases that could not have been filed originally in federal court.

Defendant further responds that, because all Defendants are represented by the same counsel, consent may be implied. However, the law is well settled that each defendant must either sign the notice of removal, file its own notice of removal, or file a written consent to the removal, and joint representation of the removing and non-removing defendants by a single

attorney does not create an implied joinder or consent. *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 646 (S.D. Miss. 2001). As noted, the notices of removal list only Heppner as a removing defendant, and his counsel clearly signed the notices solely on his behalf, and not on behalf of the other defendants.

Removal is a statutory right and its procedural requirements are strictly construed in favor of state court jurisdiction; district courts have no power to overlook procedural errors raised in a timely motion to remand. *Spoon v. Fannin Cty. Comm. Supervision & Corrections Dept.*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Because the removal was procedurally defective, and Plaintiff raised the defect in a timely filed motion to remand, the Court must remand the case. Plaintiff's motion to remand (docket no. 8) is GRANTED, and this case is remanded pursuant to § 1447(c), (d).

It is so ORDERED.

SIGNED this 27th day of December, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE